[No. B121384. Second Dist., Div. Three. June 30, 1999.]

MARVIN A. BLUM et al., Plaintiffs, v.
REPUBLIC BANK, Defendant.

SANDRA MONTGOMERY et al., Plaintiffs, v.
REPUBLIC BANK, Defendant;
ROBB EVANS, as Receiver, etc., Movant and Respondent;
B. DANIEL LYNCH, Objector and Appellant.

QUALIFIED PENSIONS, INC., Plaintiff, v.
REPUBLIC BANK, Defendant.

**COUNSEL**

B. Daniel Lynch, in pro. per., for Objector and Appellant.

Brobeck, Phleger & Harrison and Frederick D. Holden, Jr., for Movant and Respondent.

**OPINION**

**ALDRICH, J.—**

### INTRODUCTION

Appellant Attorney B. Daniel Lynch appeals from a $2,500 sanction order. We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 1996, Lynch filed a lawsuit entitled Montgomery v. Republic Bank (No. BC144539) in the Los Angeles Superior Court. This class action lawsuit sought recovery on behalf of thousands of investors who allegedly lost millions of dollars when illegal transfers were made from their retirement accounts at Republic Bank by the fund administrator, Qualified Pensions, Inc. The lawsuit was brought by Sandra Montgomery and John Chavanne on behalf of themselves and all other persons who deposited retirement money with Republic Bank.

Respondent Robb Evans (Receiver) was appointed as the receiver for Qualified Pensions by the federal court. On August 13, 1996, Receiver filed

a Los Angeles Superior Court case (Qualified Pensions, Inc. v. Republic Bank (No. YS005334)) to recover money deposited with the bank.

It appears that the two cases were consolidated, along with other actions, including Blum v. Republic Bank (No. BC138614).

On October 29, 1997, Lynch called the clerk in department 22 and requested that a status conference be scheduled. He made the request without conferring with other counsel. The clerk and Lynch agreed that the status conference would be set eight days later, on November 7, 1997. Lynch gave notice by mail.

By letter dated October 31, 1997, the law firm of Rossbacher & Associates informed the trial court that none of the other counsel knew Lynch was seeking a status conference.[1] This letter also suggested that a status conference the next Friday was neither warranted nor appropriate at that time, and should be taken off calendar, as the parties were scheduled to appear on December 2, 1997, on a motion for preliminary approval of the settlement of the consolidated cases. The proposed settlement resolved certain insurance coverage issues and included a plan for asset allocation.

On November 7, 1997, when the matter was called, Receiver appeared. The trial court announced that a status conference would not be held and that Lynch's method of obtaining court approval for setting the conference had not conformed to law or practice.

Receiver filed a motion for sanctions, contending Lynch's actions in setting the status conference were improper. Lynch, representing Montgomery and Chavanne, opposed the motion.

On December 2, 1997, a hearing was held on a proposed settlement. Lynch appeared on behalf of the class representatives, Montgomery and Chavanne. Other counsel appeared, including those representing the class, the bank, Receiver, and an insurance company. On December 3, 1997, over the objections of Montgomery and Chavanne, as class representatives, the trial court approved the order preliminarily approving settlement of the consolidated cases. Subsequently, the trial court entered an order settling the consolidated cases.

On March 12, 1998, the trial court ordered Lynch to pay Receiver sanctions in the sum of $2,500, pursuant to Code of Civil Procedure section

---

[1]When Montgomery v. Republic Bank was filed, Rossbacher & Associates were cocounsel of record along with Lynch, for the named plaintiffs, as class representatives. By the time of the October 31, 1997, letter, Lynch, through his own law firm, represented Montgomery and Chavanne, the class representatives. Rossbacher & Associates continued to represent other parties.

575.2, California Rules of Court, rule 227, and the Superior Court of Los Angeles County Rules, rule 7.12. The order stated, "That date and time for the status conference had been obtained by Mr. Lynch in telephone conferences with the clerk of the Court, which implied to the Court that all counsel in these cases were in agreement on the need and date for the conference. In fact, Mr. Lynch had not attempted any prior consultation with other counsel before contacting the Court or mailing the Notice."

Lynch appeals from the sanction order.[2] We reverse.

DISCUSSION

The trial court had no authority to impose sanctions.

■    Code of Civil Procedure section 575.2 and California Rules of Court, rule 227, permit courts to impose sanctions for the failure to comply with local rules, as does Los Angeles Superior Court Rules, rule 7.13.[3] The only authority remotely applicable to this case is Superior Court of Los Angeles County Rules, rule 7.12, which establishes guidelines for litigation conduct.

Superior Court of Los Angeles County Rules, rule 7.12 states in pertinent part: "(j) Ex Parte Communications With the Court. [¶] (1) A lawyer should avoid ex parte communication on the substance of a pending case with a judge (or his or her law clerk) before whom such case is pending. [¶] (2) Even where applicable laws or rules permit an ex parte application or communication to the court, before making such an application or communication, a lawyer should make diligent efforts to notify the opposing party or a lawyer known to represent or likely to represent the opposing party and should make reasonable efforts to accommodate the schedule of such lawyer to permit the opposing party to be represented on the application."

As Lynch contends, Superior Court of Los Angeles County Rules, rule 7.12 does not apply. Subdivision (j)(1) is inapplicable because the ex parte communication was not "on the substance" of the pending case. Subdivision (j)(2) is inapplicable because Lynch was not communicating on the substance of the matter and he was not trying to schedule an ex parte hearing. The rule was not intended to preclude a simple communication between

---

[2]On appeal, Lynch purports to represent himself and his clients, Sandra Montgomery and John Chavanne. However, the sanction was imposed only upon Lynch individually.

[3]Rule 7.13, Sanctions, reads in part: "The Court may impose appropriate sanctions for the failure or refusal (1) to comply with the Rules, . . . Counsel are directed to Code of Civil Procedure sections 128, 128.5, 177.5, 575.2, 583.150, 583.430, 2016 through 2036, Government Code section 68609(d), and Rule 227 of the California Rules of Court. Such sanctions may be imposed on a party and/or, if appropriate, on counsel for such party."

counsel and a clerk, or other court personnel, to set a date for a status conference. Lynch's conduct was not the type the rule contemplates prohibiting. Lynch's communication with the clerk was not unlike many telephone calls attorneys make to court personnel to schedule all types of conferences, or for other purely administrative matters.

It appears the trial court was expanding the applicability of Superior Court of Los Angeles County Rules, rule 7.12 to include communications with court personnel for the purposes of scheduling all types of hearings. However, the rule is not that expansive.

Because there is no authority enabling the trial court to impose sanctions on Lynch, we must conclude the trial court erred in imposing sanctions. (Cf. *Trans-Action Commercial Investors, Ltd.* v. *Firmaterr, Inc.* (1997) 60 Cal.App.4th 352, 362 [70 Cal.Rptr.2d 449].)

### DISPOSITION

The sanction order is reversed. The parties are to bear their own costs on appeal.

Klein, P. J., and Croskey, J., concurred.